IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **GRAPHIC ARTS MUTUAL INSURANCE COMPANY** | § § § § | |
| **Plaintiff,** | § § | |
| v. | § § § | **CIVIL ACTION NO. 4:25-cv-00254** |
| **HECTOR GUEVARA and VENTURA BUILDING AND CONSTRUCTION, INC.,** | § § § § § | |
| **Defendants.** | § § | |

## COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Plaintiff, Graphic Arts Mutual Insurance Company pursuant to 28 U.S.C. § 2201, and files this, its Complaint for Declaratory Judgment and Other Relief, seeking construction of an auto liability policy and a declaratory judgment that Plaintiff has no duty to defend or indemnify Defendants, Hector Guevara and Ventura Building and Construction, Inc., in the underlying lawsuit presently pending in Tarrant County, Texas and as grounds therefor, would respectfully show the Court the following:

## I.
## PARTIES

1. Plaintiff Graphic Arts Mutual Insurance Company ("GAMIC") is a New York corporation with its principal place of business located in New Hartford, New York. Accordingly, for diversity purposes, Plaintiff Graphic Arts Mutual Insurance Company is a citizen of New York and is not a citizen of Texas.

2. Defendant Hector Guevara is an individual and citizen of Texas. Accordingly, for diversity purposes, Defendant Guevara is a citizen of Texas and is not a citizen of New York. *Mr. Guevara may be served at his residence in Tarrant County at 6404 Brentwood Drive, Fort Worth, Texas 76112, or wherever he may be found.*

3. Defendant Ventura Building and Construction, Inc. ("Ventura") is a Texas corporation with its principal place of business in Arlington, Texas. Accordingly, for diversity purposes, Defendant Ventura is a citizen of Texas and is not a citizen of New York. *Upon information and belief, service of process may be made on Ventura, through its registered agent for service, Buenaventura P. Esquivel, 734 West Hurst Blvd., Hurst, Texas 76012.*

4. Thus, this lawsuit is between citizens of different states, and there is complete diversity of citizenship between Plaintiff and Defendant pursuant to 28 U.S.C. § 1332.

5. Citation and service are requested upon the above Defendants.

## II.
## JURISDICTION AND VENUE

6. This Court has jurisdiction over this Complaint based upon 28 U.S.C. § 1332(a)(1) and (c)(1). The Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds the value of $75,000, exclusive of interest and costs of suit.

7. Venue is properly maintained in this Court because it is the judicial district where a substantial part of the events and omissions giving rise to the claims occurred and in which the underlying state court lawsuit that is the basis of this suit is pending.

## III.
## UNDERLYING LAWSUIT

8. On May 7, 2024, Hector Guevara filed his Original Petition against Ventura in a case styled as: *Hector Guevara v. Ventura Building & Construction, Inc.*, Cause No. 048-352566-24, in the 48th Judicial District Court of Tarrant County, Texas ("the Underlying Lawsuit").

9. In the Underlying Lawsuit, Guevara contends that he was responsible for repairing vehicles used by Ventura. On or about December 29, 2023, he was working on a Ford F-350 truck owned by Ventura when the jack or lift failed and the truck fell on him. As a result, Guevara alleged sustained serious injuries. Guevara asserts causes of action against Ventura for negligence, gross negligence, and, if he was an employee, for failure to provide a safe work place. He seeks monetary relief of over $1,000,000 for his past and future physical pain, mental anguish, medical care, physical impairment, and lost earning capacity, as well pre- and post-judgment interest, punitive damages.

10. Guevara further alleges that he may be an employee of Ventura.

## IV.
## GRAPHIC ARTS MUTUAL INSURANCE COMPANY POLICY

11. Graphic Arts Mutual Insurance Company issued to Ventura a businessowners policy effective for March 14, 2022, to March 14, 2023, bearing policy number 4519501 and policy limits of $1,000,000 per occurrence/$1,000,000 ("the Policy").  The Policy provides the following relevant provisions:

**SECTION II – LIABILITY**

**A. Coverages**

**1. Business Liability**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:

      **(1)**    The amount we will pay for damages is limited as described in Paragraph D. – Liability And Medical Expenses Limits Of Insurance in Section II – Liability; and

      **(2)**    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements or medical expenses.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Paragraph f. Coverage Extension - Supplemental Payments.

  **b.**  This insurance applies to "bodily injury" and "property damage" only if:

      **(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

      **(2)**    The "bodily injury" or "property damage" occurs during the policy period; and

      **(3)**    Prior to the policy period, no insured listed under Paragraph C.1. Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

. . .

**B. Exclusions**

  **1. Applicable To Business Liability Coverage**

    This insurance does not apply to:

    . . .

    **d. Workers' Compensation And Similar Laws**
    Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

    **e. Employer's Liability**
    "Bodily injury" to:

 **(1)** An "employee" of the insured arising out of and in the course of:
  **(a)** Employment by the insured; or
  **(b)** Performing duties related to the conduct of the insured's business; or
 **(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

This exclusion applies:
 **(1)** Whether the insured may be liable as an employer or in any other capacity; and
 **(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

. . .

**g. Aircraft, Auto Or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion applies even if the claims allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by an insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

\* \* \*

## V.
## JUSTICIABLE INTEREST

12. Defendant Ventura made a demand for defense and indemnity under the Policy for the Underlying Lawsuit. GAMIC is currently providing a defense to Ventura in the Underlying Lawsuit under complete reservations of GAMIC's rights under the Policy.

13. GAMIC seeks a declaration as to its duties and obligations, if any, owed to Ventura under the Policy for the Underlying Lawsuit.

14. All persons having an interest in the outcome of this litigation have been joined as parties. GAMIC seeks a declaration as to its duties and obligations, if any, owed to Ventura and Hector Guevara under the Policy for the Underlying Lawsuit. The interest of GAMIC is adverse to the interests of all defendants herein.

15. An actual controversy therefore exists between the parties hereto pursuant to 28 U.S.C. §2201 et seq., Chapter 37 of the Texas Civil Practice and Remedies Code, and Rule 57 of the Federal Rules of Civil Procedure, and this Court is vested with the power in the instant case to declare and adjudicate the rights and other legal relationships of the parties to this action with reference to issues raised by this Complaint.

## VI.
## COUNTS FOR DECLARATORY RELIEF

### Count 1 – Declaratory Judgment – "Auto" Exclusion Precludes Coverage

16. GAMIC alleges and incorporates by reference the allegations found in paragraphs 1 to 15 above.

17. Defendant Guevara alleges that he was repairing Defendant Venture's Ford F-350 Diesel truck when he was injured when the jack/lift that was supporting the truck collapsed.

18. The Policy contains the "Aircraft, Auto Or Watercraft" exclusions that preclude insurance coverage for "'[b]odily injury" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft owned or operated by or rented or loaned to any insured."

19. As the Underlying Lawsuit involves "bodily injury" that arose from the maintenance of an auto, the "Auto" exclusion in the Policy is triggered and GAMIC is entitled to a declaration that it has no duty to defend or indemnify Ventura in the Underlying Lawsuit pursuant

to the terms and conditions in the Policy and no duty to pay policy proceeds to Defendant Guevara should he become a judgment creditor.

**Count 2 – Declaratory Judgment – Workers' Compensation Exclusion Precludes Coverage**

20. GAMIC alleges and incorporates by reference the allegations found in paragraphs 1 to 19 above.

21. Defendant Guevara alleges that, to the extent he is an employee of Ventura, he was not provided workers' compensation.

22. The Policy's workers' compensation exclusion precludes coverage for: "Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law."

23. To the extent the Underlying Lawsuit involves an obligation for which Ventura may be held liable under a workers' compensation or similar law, GAMIC is entitled to a declaration that it has no duty to defend or indemnify Ventura in the Underlying Lawsuit pursuant to the terms and conditions in the Policy and no duty to pay policy proceeds to Defendant Guevara should he become a judgment creditor.

**Count 3 – Declaratory Relief –Employer's Liability Exclusion Precludes Coverage**

24. GAMIC alleges and incorporates by reference the allegations found in paragraphs 1 to 23 above.

25. Defendant Guevara alleges that he may be an employee of Ventura.

26. The Policy's employer's liability exclusion precludes coverage for "bodily injury" to "[a]n 'employee' of the 'insured' arising out of and in the course of . . . [e]mployment by the 'insured'."

27. To the extent the Underlying Lawsuit involves a bodily injury to Defendant Guevara that arose out of and in the course of his employment for Ventura, GAMIC is entitled to

a declaration that it has no duty to defend or indemnify Ventura in the Underlying Lawsuit pursuant to the terms and conditions in the Policy and no duty to pay policy proceeds to Defendant Guevara should he become a judgment creditor.

## VII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Graphic Arts Mutual Insurance Company prays for judgment as follows:

- **A.** GAMIC has no duty to defend Defendant Ventura in the Underlying Lawsuit;
- **B.** GAMIC has no duty to indemnify Defendant Ventura for damages awarded in the Underlying Lawsuit, if any;
- **C.** GAMIC has no duty to pay policy proceeds to Guevara in the Underlying Lawsuit;
- **D.** GAMIC be awarded its attorneys' fees for prevailing in this lawsuit; and
- **E.** GAMIC be awarded such other and further relief, legal or equitable, general or specific, to which GAMIC may show itself to be justly entitled.

Respectfully submitted,

**TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP**

*/s/ Aaron G. Stendell*
Aaron G. Stendell
State Bar No. 24073062
aarons@tbmmlaw.com
Beth D. Bradley
State Bar No. 06243900
bethb@tbmmlaw.com

2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
Telephone:   214-665-0100
Facsimile:   214-665-0199
**ATTORNEYS FOR PLAINTIFF
GRAPHIC ARTS MUTUAL
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

Pursuant to N.D. Tex. Loc. R. 5.1(a) and Fed. R. Civ. P. 5(b)(2)(E), the undersigned counsel hereby certifies that on this the 14th day of March, 2025, the foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to opposing counsel of record.

*/s/ Aaron G. Stendell*
**Aaron G. Stendell**